IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIAWANA ROUSE                                                                                   PLAINTIFF

vs.                                         Civil No. 4:19-cv-04073

ANDREW SAUL                                                                                    DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Tiawana Rouse ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation.[1] In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.    Background:**

Plaintiff protectively filed her SSI application on December 21, 2015. (Tr. 20). In this application, Plaintiff alleges being disabled due to Hashimoto's disease, panic disorder with agoraphobia and pernicious anemia. (Tr. 217). Plaintiff alleges an onset date of January 9, 2015. *Id.* Her application was denied initially and again upon reconsideration. (Tr. 20).

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 152-167). Plaintiff's hearing was held on April 26, 2018. (Tr. 38-56). At this hearing, Plaintiff was present, but was not represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Teri Hewitt testified at this hearing. *Id.*

On September 12, 2018, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's SSI application. (Tr. 20-31). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 21, 2015, the application date. (Tr. 22, Finding 1). The ALJ also found Plaintiff had the following severe impairments: hypothyroidism due to Hashimoto's thyroiditis, anemia, migraine, osteoarthritis, panic disorder, and agoraphobia. (Tr. 22, Finding 2). The ALJ then determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 23, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 26-29, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC for light work with lifting or carrying 20 pounds occasionally and 10 pounds frequently; sitting for 6 hours; standing for 6 hours; walking for 6 hours in an 8-hour workday; and pulling and pushing limitations the same as carrying and lifting; but was limited to simple, routine, and repetitive tasks where interpersonal contact was incidental to work performed. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 29, Finding 5). The ALJ also considered whether Plaintiff

retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 30, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform work as a laundry worker with approximately 50,000 such jobs in the nation, assembler with approximately 120,000 such jobs in the nation, and electronics worker with approximately 60,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since December 21, 2015. (Tr. 31, Finding 10).

Plaintiff sought review with the Appeals Council and on April 24, 2019, the Appeals Council denied this request for review. (Tr. 1-7). On June 24, 2019, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 13.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 12 at 6-14. Plaintiff raises four arguments for reversal: (1) the ALJ failed to fully and fairly develop the record, (2) the ALJ improperly assessed her RFC; (3) the ALJ improperly assessed her credibility, and (4) the ALJ erred at Step 2. *Id.* Upon review, the Court finds the ALJ has not supplied a sufficient basis for discounting Plaintiff's subjective complaints. Thus, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based her credibility determination upon the fact Plaintiff's subjective complaints were not supported by her medical records. (Tr. 27). In her opinion, the ALJ summarized Plaintiff's medical records and discounted her subjective complaints because they were not supported by the objective medical records:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms *are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in the decision*.
> . . .
> As for the claimant's statements about the intensity, persistence and limiting effects of her symptoms, the undersigned finds that *they are not fully supported by the objective medical findings.*

(Tr. 27-28) (emphasis added).

Based upon this review, the Court finds the ALJ discounted Plaintiff's subjective complaints

6

based upon her medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 2nd day of April 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE